DAVID B. FULLERTON *v.* SYLVESTER A. HAYES ; and JOHN
COLBATH and GEORGE W. WENTWORTH, his trustees.

If the precept of the writ, in a case of foreign attachment, command the officer
to attach the money, goods, &c., of the principal defendant in the hands of
two or more trustees, without the use of words to denote a joint possession or
liability of the trustees, the writ may be amended by inserting the words
"jointly," or " as copartners."

Whether the trustees can be charged on account of a joint liability, unless such
words are inserted, *quære.*

THE facts in the case sufficiently appear from the opinion of
the court.

*Jordan,* for the plaintiff.

*N. & G. N. Eastman,* for the trustees.

SAWYER, J., delivered the opinion of the court. The trus-
tee, Colbath, having made disclosure, setting forth a joint in-
debtedness of the two trustees to the principal defendant, it was
objected, by the counsel for the trustees, that they were not
chargable on account of that joint indebtedness, because in the
writ the officer is not commanded to attach the money, &c. of
the defendant in their hands "*jointly.*" The plaintiff thereupon
moved for leave to amend the writ, by inserting the words
"jointly," or, " as copartners." It is very clear that upon the
disclosure of one of the trustees, showing a joint indebtedness,
there cannot be judgment against them both jointly, nor against
either severally. The disclosure of the other trustee must be
taken before either can be held chargeable.

But it is contended, on the part of the trustees, that even if
such disclosure should be taken, presenting the facts as disclosed
by the other trustee, still they could not be held chargeable, as
the funds of the defendant, held jointly by the trustees, are not
attached by the service of the process in this case upon them ;
and the cases of *Ingraham* v. *Olcock and Trustees,* 14 N. H.

243, and *Sleeper* v. *Weymouth and Trustees*, 6 Fost. 34, are cited by the counsel for the trustees, as authorities to sustain this position. There is no doubt that for certain purposes the trustee process is to be considered as a several proceeding under one writ against each of the trustees, unless it appears from the writ itself that the plaintiff is proceeding against them on account of a joint liability only. Thus, in the case of several trustees, not described in the writ as holding jointly the funds of the defendant, each is entitled to his several judgment for costs. The suit may be abated as to one or more of the trustees, without affecting the proceeding as to others; and the liability of each is to be determined upon the facts contained in his own disclosure, without regard to the facts disclosed by the others; conclusions which may perhaps be considered as resting mainly upon this view of the trustee process in such cases.

The learned judge by whom the opinion of the court was delivered in both the cases cited, it is true, expressly says that, " trustees who are not declared against as being jointly liable, are to be charged severally, if at all ;" but in neither of those cases was the question before the court whether it is necessary, for the purpose of attaching funds held jointly by the trustees, to set out in the precept of the writ the command, *in totidem verbis*, to attach the funds held by them jointly. The only form of " declaring against the trustee" in our practice is by the insertion in the writ, of a command to the officer serving the writ, " to attach the money, &c., of the defendant in the hands or possession of the trustee, and summon him to appear and shew cause why execution should not issue against him for the damage which may be recovered by the plaintiff against the defendant." Comp. Stat. 465.

It is difficult to conceive of any useful purpose to be subserved by compelling the plaintiff in every case to designate in terms, in the writ, whether he intends to proceed against the trustees on account of a joint or several liability, or both; and it may in some instances occasion him much unnecessary embarrassment. It is, however, unnecessary to determine the question in this

case, as it is very clear the trustees must be discharged unless they should be found jointly liable upon taking the disclosure of Wentworth ; and as the plaintiff proposes to amend the writ by inserting the word "jointly," or " as copartners," if such an amendment is admissible the question may become immaterial in the case.

We have no doubt the amendment may be made. The trustee process is not in this view to be considered as " a declaration" against the trustees, subject to the rules of pleading in relation to the forms of action, but merely an attachment of the defendant's funds in their hands, and the amendment is designed to obviate a technical objection, if it be one, to the form of the attachment. What may be the effect of the amendment in case of a *bona fide* payment by the trustee, since the service of the writ, need not now be considered ; and if it is to have any effect upon the right of the trustees to costs, justice can be done to all parties by the imposition of such terms for the amendment as the case may require.

The plaintiff has leave to amend, and to move in the common pleas for liberty to take further disclosure of the trustees.